UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLWETHER COFFEE CO., <br>     Plaintiff, <br> v. <br> JOHN DOES 1-5, <br>     Defendants. | Case No. 21-cv-03612-JSC <br><br> **ORDER RE: EX PARTE MOTION FOR EARLY DISCOVERY** <br><br> Re: Dkt. No. 10 |

Bellwether Coffee Co. alleges that Defendants hacked into its systems and disabled its nationwide network of coffee roasting machines. Plaintiff's ex parte motion for early discovery is now pending before the Court. (Dkt. No. 10.) In particular, because Plaintiff "has not been able to positively identify the perpetrators and cannot do so without additional information from third-party service providers, including Google, Apple, and T-Mobile," it seeks permission to issue subpoenas to determine Defendants' identities. (Dkt. No. 10 at 2.) The Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's ex parte motion without prejudice to a more fulsome showing regarding the discovery sought.

**DISCUSSION**

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order."). In fashioning Rule 26(d) discovery orders, the district court wields broad discretion. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276

1   (N.D. Cal. 2002); *see also G.N. Iheaku & Co. v. Does 1-3*, No. C-14-02069 LB, 2014 WL
2   2759075, at *2 (N.D. Cal. June 17, 2014) (collecting cases). "Good cause may be found where the
3   need for expedited discovery, in consideration of the administration of justice, outweighs the
4   prejudice of the responding party." *Id*.  When the identities of defendants are not known before a
5   complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the
6   unknown defendants, unless it is clear that discovery would not uncover the identities, or that the
7   complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.
8   1980). To determine whether there is "good cause" to permit expedited discovery to identify doe
9   defendants, courts commonly consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999) ).

Here, Plaintiff has failed to identify what particular early discovery it seeks.  The introductory paragraph of its motion refers to discovery on third-party service providers "including Google, Apple, and T-Mobile," but neither the motion nor the Complaint explain why subpoenas to these entities would yield information regarding Defendants' identities.  (Dkt. No. 10 at 2.) Likewise, while the motion refers to the Complaint as containing information regarding its "forensic investigation," the cited portions of the Complaint do not detail a forensic investigation to determine Defendants' identities; instead, these portions of the Complaint contain Plaintiff's allegations regarding the hacking.  (Dkt. No. 10 (citing Complaint at ¶¶ 14-19).)  Generally, ex parte applications for early discovery are accompanied by declarations which explain the party's efforts to determine the individual's identity and why the plaintiff believes that subpoenas to particular service providers would yield information regarding a defendant's identity. *See, e.g., Marketo, Inc. v. Doe*, No. 18-CV-06792-JSC, 2018 WL 6046464, at *1 (N.D. Cal. Nov. 19, 2018).

Accordingly, Plaintiff's ex parte motion for early discovery is denied without prejudice to renewal accompanied by a more fulsome showing regarding why subpoenas to a particular third-party service provider or providers is likely to yield Defendants' identities. Any renewed motion shall be accompanied by proposed subpoena(s).

This Order disposes of Docket No. 10.

**IT IS SO ORDERED.**

Dated: June 8, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge